IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTONIO WHITE,<br><br>      Plaintiff,<br><br>  vs.<br><br>C.W. MATTHEWS CONTRACTING CO. INC.,<br><br>      Defendant | Case No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

NOW COMES PLAINTIFF, ANTONIO WHITE, by and through undersigned counsel, and files this Complaint for Damages, showing the Court the following:

1.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., (as amended) to redress Defendant's discrimination against Plaintiff on the basis of his national origin.

2.

This Court has jurisdiction of this action under 42 U.S.C. §2000e-5(f)(1) and (3) and 28 U.S.C. §1331 and 1337.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant's unlawful employment practices as alleged in this Complaint were committed in this judicial District and Defendant resides in this District.

3.

Plaintiff is an African-American male citizen of the United States of America, Plaintiff, a resident of Byron, Georgia, and is authorized to bring this action by 42 U.S.C. § 2000e-5(f)(1).

4.

Defendant C.W. Matthews Contracting Company, Inc. is a corporation organized under the laws of the State of Georgia, and at all relevant times in this Complaint has been a corporation doing business in Dooly County, Georgia and the Middle District of Georgia.  Defendant is subject to the jurisdiction of this Court.  Defendant can be served through its registered agent, Mr. Sheldon Karl Fram, 1600 Kenview Drive NW, Mariettta, GA 30060.

5.

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.  During all times relevant to this Complaint, Defendant has employed more than 500 people.

6.

Plaintiff began his employment with Defendant on or about June 29, 2011.

7.

Defendant terminated Plaintiff's employment on or about July 2, 2012.

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on September 5, 2012, alleging discrimination on the basis of his race (African-American) and his religion (non-denomination) and retaliation.  A copy of Plaintiff's charge of discrimination is attached as **Exhibit A**.

9.

On June 30, 2014, The EEOC issued a Determination letter in connection with Plaintiff's charge of discrimination, which stated in part as follows:

> The Commission's investigation did not disclose sufficient evidence to support the Charging Party's allegation that he was retaliated against for opposing unlawful employment practices in violation of Title VII.
>
> The evidence does reveal however that the Charging Party was more harshly disciplined and suspended than his similarly situated White co-workers. The evidence further shows that the Charging Party was discharged for tardiness associated with his sincerely held religious belief.  Evidence shows that modifying Charging Party's work schedule so that he could adhere to his religious beliefs would not have posed an undue burden on the Respondent. Evidence therefore suggests that Respondent's proffered reason for discharging Charging Party is therefore pretext for discriminatory motive."

10.

A copy of the EEOC's Determination letter is attached as **Exhibit B**.

11.

The EEOC issued a "Notice of Right to Sue" on September 25, 2014, entitling an action to be commenced within ninety (90) days of receipt of that notice.  A copy is attached as **Exhibit C.**

12.

Plaintiff has fulfilled all conditions precedent to this suit.

## COUNT I

13.

Defendant discriminated against Plaintiff on the basis of Plaintiff's race and religion, in violation of Title VII of the Civil Rights Act of 1964, when it disciplined Plaintiff more harshly than similarly situated white employees and terminated Plaintiff's employment on July 2, 2012.

14.

Plaintiff is entitled to compensation for non-pecuniary loss resulting from Defendant's unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in an amount to be determined by the jury.

15.

Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights such that he is entitled to punitive damages.

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

(a) Award Plaintiff appropriate back pay with prejudgment interest, in an amount to be determined at trial;

(b) Award Plaintiff front pay and/or reinstatement, and any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

(c) Award Plaintiff compensation for past and future pecuniary loss resulting from Defendant's unlawful conduct;

(d) Award Plaintiff compensation for non-pecuniary loss resulting from

Defendant's unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in an amount to be determined by the jury at trial;

(e)   Award Plaintiff punitive damages for Defendant's malicious and reckless conduct, in an amount to be determined by the jury at trial;

(f)   Award Plaintiff his attorney's fees and costs; and

(g)   Award Plaintiff such other and further legal and equitable relief as the Court may deem appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

This December 23, 2014.

/s Charles E. Cox, Jr.
Ga. Bar No. 192305
**Attorney for Plaintiff**
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:   (478) 757-2991
E-mail:      Charles@cecoxjr.com