IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANTONIO WHITE,** )<br>)<br>**Plaintiff,** )<br>)<br>v.  )<br>)<br>**C.W. MATTHEWS CONTRACTING CO. INC.,** )<br>)<br>**Defendant.** )<br>) | CIVIL ACTION NO. 5:14-CV-446 (MTT) |

### ORDER

In response to the Defendant's motion to dismiss (Doc. 7), the Plaintiff argues he sufficiently alleged facts to state his claims for relief and alternatively requests leave to amend his complaint should the Court grant the Defendant's motion. (Doc. 9). The Court construes the Plaintiff's request as a motion to amend, without regard to the disposition of the motion to dismiss. The Defendant does not address the Plaintiff's request for leave to amend his complaint in its reply brief. (Doc. 10).

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] ... when justice so requires." The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the Court finds that justice so requires it to grant the Plaintiff leave to amend his complaint. This is the Plaintiff's first motion to amend.

- 2 -

There has been no undue delay or bad faith, and allowing the Plaintiff to amend his complaint will not unduly prejudice the Defendant.  Moreover, judicial economy is served by allowing the Plaintiff to provide further factual development of his claims without first ruling on the Defendant's motion to dismiss and then granting the Plaintiff leave to amend.  Accordingly, the Plaintiff's motion to amend his complaint is **GRANTED**.  The Plaintiff has **14 days** from the date of this order to file an amended complaint.

      **SO ORDERED**, this 22nd day of April, 2015.

                                    S/ Marc T. Treadwell
                                    MARC T. TREADWELL
                                    UNITED STATES DISTRICT COURT